UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ALANDIS QUINTIN PERKINS,

        Plaintiff,                      Case No. 2:10-cv-323

v.                                             Honorable R. Allan Edgar

UNKNOWN WILLIAMS et al.,

        Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff Alandis Quintin Perkins presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Newberry Correctional Facility (NCF). He sues the following NCF employees: Resident Unit Officers (unknown) Williams and (unknown) Zellar; Officers (unknown) Warren, (unknown) Atwood and D. Smart; Assistant Resident Unit Supervisors (unknown) Rushford and (unknown) Blair; Sergeant (unknown) Chanbennesis; and Warden Barry Davis.

    Plaintiff's complaint, while lengthy, contains very few factual allegations. He alleges that on August 21, 2008, Defendant Atwood conducted a misconduct hearing on a minor misconduct ticket for smoking. Defendant Atwood sentenced Plaintiff to five days of toplock and twenty hours of extra duty.[1] On October 10, 2008, Defendant Williams conducted a misconduct hearing on a different, unspecified minor misconduct. Plaintiff was sentenced to another five days of toplock and twenty hours of extra duty. Two days later, on October 12, 2008, Williams conducted yet another minor misconduct hearing for an unspecified misconduct, after which he sentenced Plaintiff to twenty additional hours of extra duty and five days of toplock. In addition, Williams notified Plaintiff that he had been sanctioned on October 8, 2008 to another 42 hours of extra duty.

    On October 13, 2008, Defendant Williams issued a major-misconduct ticket on the charge that Plaintiff had failed to report as ordered to "NCF Big Yard" for extra duty. (Compl. at 3, Page ID #4.) Officer Warren issued Plaintiff a second major misconduct ticket on October 15,

---

[1] Disciplinary sanctions for major and minor misconducts are set forth in MICH. DEP'T OF CORR., Policy Directive 03.03.105, Att. D. For minor misconducts, permissible sanctions include toplock (confinement to quarters), loss of privileges, assignment of extra duty and restitution.

2008, again for failing to report to NCF Big Yard for extra duty. On November 20, 2008, Defendant Atwood issued a third major misconduct ticket to Plaintiff for failing to report to Big Yard for extra duty. Officer Williams issued Plaintiff's fourth, fifth, sixth and seventh major misconduct tickets on December 3, December 6, December 13 and December 14, 2008. All four tickets charged that Plaintiff had failed to report to Big Yard for extra duty. On December 28, 2008, Defendant Williams allegedly made "Threatening Jesters" [sic] regarding Plaintiff's incarceration at NCF. (Compl. ¶14, Page ID #6.)

At some point, Plaintiff apparently filed a grievance. On December 15, 2008, Defendant Rushford rejected the grievance, stating:

> Inmate Perkins was found guilty of 5 minor misconducts and the disposition for each misconduct did not exceed what policy dictates in PD 03.03.150 D. Inmate Perkins has worked off ½ of his current extra duty hours but still has a balance of 30 hours. In my opinion this grievance was generated by Prisoner Perkins in an attempt to circumvent the disciplinary process at NCF as Inmate Perkins does not want to work off his sanctions. RUO Williams should be commended for his efforts the [sic] disciplinary process at NCF is followed correctly.

(Compl., ¶ 12, Page ID #6.) On December 28, 2008, Defendant Williams issued Plaintiff his eighth major-misconduct ticket for failing to report to Big Yard. Defendant Zellar issued Plaintiff's ninth major-misconduct ticket on December 10, 2009, again for failing to report to Big Yard for extra duty. According to the complaint, during a misconduct-ticket review meeting held December 11, 2009, Plaintiff alleges that Defendant Chanbennesis told Plaintiff that his rights were being violated by the review.

Plaintiff apparently filed another grievance. On December 28, 2009, Defendant ARUS Blair conducted a grievance interview with Plaintiff. Blair denied the grievance, finding that Defendant officers had properly enforced the minor-misconduct sanctions by giving direct orders to

report for extra duty. When Plaintiff refused to comply with the direct orders, he was issued major-misconduct tickets, consistent with policy. Defendant Blair therefore concluded that Plaintiff's grievance was without merit.

Defendant D. Smart issued Plaintiff a tenth major-misconduct ticket on December 28, 2009, again for failing to report for extra duty. Plaintiff complained to Defendant Warden Davis on January 20, 2010, but Davis allegedly failed to resolve Plaintiff's complaint.

The remainder of Plaintiff's complaint consists of conclusory allegations to the effect that, by each of these allegedly improper acts on the previously recited dates, the Defendants violated Plaintiff's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution section 157 of the National Labor Relations Act, 29 U.S.C. § 157, and various federal criminal statutes. He also alleges Defendants subjected him to slavery in violation of section 9 of the Michigan constitution and violated MDOC policy, *see* MICH. DEP'T OF CORR., Policy Directive 03.03.105, Att. D, and Michigan administrative rules, *see* MICH. ADMIN. CODE r. 791.3310, by providing an inadequate hearing on the minor-misconduct charges. He seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Procedural Due Process

Plaintiff claims that Defendants violated the Due Process Clause of the Fifth and Fourteenth Amendments by issuing repeated minor and major misconduct tickets for the same

conduct. He also alleges that he was deprived of a hearing on his minor misconduct charges that comported with MDOC policy and Michigan administrative law.

First, to the extent Plaintiff claims that he was deprived of the type of hearing required under state policy or law, he fails to state a claim under § 1983. Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

Second, Plaintiff's minor misconduct charges and convictions on those charges do not implicate due process. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). As a consequence, Plaintiff's complaint about the inadequacy of his hearings on the minor misconduct tickets fails to rise to the level of a constitutional violation.

Third, to the extent that Plaintiff argues that Defendants unconstitutionally convicted him of ten separate major misconducts, he fails to state a claim. The Court will assume that Plaintiff's major-misconduct convictions implicated a liberty interest protected by the Due Process Clause because they had an inevitable effect on the duration of his sentence.[2] *See Wolff v. McDonnell,* 418 U.S. 539 (1974) (holding that a prison disciplinary offense that inevitably affects the duration of a prisoner's sentence requires minimal due process). The Due Process Clause, however, does not guarantee that any constitutionally required procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an

---

[2] Under MICH. COMP. LAWS § 800.33(5), a prisoner cannot earn disciplinary credits during any month in which he is found guilty of a major misconduct. *Id.* The Sixth Circuit, however, has cast some uncertainty on whether a Michigan prisoner's conviction on a major misconduct charge inevitably affects the duration of his sentence. *See Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir. 2007) (holding that Michigan's disciplinary-credit system under MICH. COMP. LAWS § 800.33 does not necessarily affect the duration of a prisoner's sentence).

interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff*, 418 U.S. at 569-70; *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). Here, Plaintiff makes no allegation that he was denied a hearing on any of the major-misconduct charges or that the hearings he received were constitutionally inadequate under *Wolff*. He merely argues that he should not have been convicted of the charges. Because the Due Process Clause protects the process, not the outcome, of a disciplinary action, Plaintiff fails to state a procedural-due-process claim.

Fourth, even assuming that Plaintiff intends to claim that the Due Process Clause protects him from being subjected to multiple punishments for the same offense,[3] such a claim fails as a factual matter. According to the allegations of the complaint, Defendants charged Plaintiff with major-misconduct violations on multiple dates over a one-year period for Plaintiff's repeated and separate acts of disobeying direct orders to report to NCF Big Yard. Plaintiff was not charged with multiple misconduct violations for disobeying a single order; he was charged with multiple misconduct violations for repeatedly disobeying multiple orders. The mere fact that Plaintiff refused to comply with direct orders on multiple occasions and was punished for each refusal does not constitute multiple prosecutions or punishment for the same offense.

Finally, to the extent that Plaintiff alleges that Defendant Rushford deprived him of his right to pursue a grievance, Plaintiff also fails to state a claim. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no

---

[3] Arguably, Plaintiff intends to invoke the Double Jeopardy Clause of the Fifth Amendment, incorporated against the states through the Fourteenth Amendment, which prohibits both multiple punishments and multiple trials on the same offense charges. *But see United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (holding that "[t]he Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment.").

constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000). For all these reasons, Plaintiff fails to state a procedural-due-process claim

### B.     Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff makes no allegations that implicate the Eighth Amendment. Plaintiff complains that he was wrongfully charged and convicted of minor and major misconducts. He received sanctions including toplock, loss of privileges and assignment to a modest number of extra-duty hours. None of these sanctions rises to a deprivation of essential needs or other intolerable conditions. He therefore fails to allege a violation of the Eighth Amendment. Moreover, 42 U.S.C.

§ 1997e(e) precludes a prisoner from bringing an Eighth Amendment alleging mental or emotional injuries without a showing of physical injury. *Id.*; *see also Jackson v. Herrington*, 493 F. App'x 348, 354 (6th Cir. 2010); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002). Because Plaintiff fails to allege a physical injury, his Eighth Amendment claim is not cognizable. *Jackson*, 493 F. App'x at 254.

## C. Equal Protection

Plaintiff alleges that he was deprived of his right to "freedom from discrimination." Arguably, he intends to allege that he was deprived of his rights under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998). Where neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate

"intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's allegation of discrimination is wholly conclusory. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Here, Plaintiff does no more than allege that he was deprived of his right to be free from discrimination. He alleges no facts that would support a claim of discrimination, and he fails entirely to allege that similarly situated others were treated differently. His allegations therefore fall far short of alleging an equal-protection claim.

### D. Sixth Amendment

Plaintiff alleges that he was deprived of his rights under the Sixth Amendment by the inadequate disciplinary hearings on his minor misconduct tickets. The Sixth Amendment provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

The rights identified by the Sixth Amendment are rights protected in "criminal prosecutions." Prison misconduct proceedings are not entitled to the protections of the Sixth Amendment. Instead, the adequacy of such proceedings is governed by the minimal procedural requirements set forth in *Wolff*, 418 U.S. 539. *See id.* at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

### E. Other Federal Claims

Plaintiff alleges violations of the National Labor Relations Act, 29 U.S.C. § 157 (providing the right of employees to organize), 18 U.S.C. § 241 (criminal conspiracy), and 18 U.S.C. § 1001 (defrauding government). Plaintiff is not an employee protected by the NLRA, and he does not allege facts that would support a claim under the NLRA. Further, Plaintiff has no right to enforce the criminal statutes of the United States. *See Diamond v. Charles*, 476 U.S. 54, 63 (1986) (holding that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). He therefore fails to state a violation of a federal statute.

### F. Supervisory Liability

Even had Plaintiff sufficiently alleged one or more constitutional claims, he fails to make factual allegations against Defendants Rushford, Blair and Davis, other than his claim that they failed to adequately investigate his grievances and/or had supervisory authority over the other Defendants. Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Rushford, Blair and Davis engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### G. State-Law Claims

To the extent that Plaintiff's complaint presents supplemental claims under state law or policy, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and where all federal claims are dismissed prior to trial, the court ordinarily should dismiss the state-law claim without reaching its merits. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991). Plaintiff's state-law claims therefore will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 17, 2011                     /s/   R. ALLAN EDGAR
                                             R. Allan Edgar
                                             United States District Judge